UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMIAH DEWAYNE ARNOLD | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1391 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND ORDER

Petitioner Jeremiah Dewayne Arnold pled guilty to one count of using a firearm during a crime of violence (bank robbery), in violation of 18 U.S.C. § 924(c)(1)(a)(I).   On July 11, 2013, this Court denied Arnold's motion to vacate, set aside, or correct his sentence.   On May 19, 2014, Arnold filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Section 2255(h) of title 28 of the United States Code provides that a prisoner cannot file a second or successive motion to vacate, set aside, or correct a sentence without first obtaining leave from the Court of Appeals.   Leave will be granted only for claims based on newly discovered evidence, or new rules of constitutional law.  *See* 28 U.S.C. § 2255(h).

Relief is available under § 2241 only if the remedies under § 2255 are inadequate or ineffective.  *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  A lack of success on a prior 2255 motion, or a time bar to a 2255 motion, are not sufficient to meet this standard.  *See*, *e.g.*, *Reyes-Requena v. United States*, 243 F.3d 893, 901-02 (5th Cir. 2001).

While Arnold characterizes this motion as a petition for a writ of habeas corpus under § 2241, the grounds for relief are grounds that he could have raised in his original motion to vacate:  a speedy trial claim, a claim that his plea is void, and a claim of ineffective assistance of counsel.  Because these claims could have been raised in an original motion to vacate, Arnold's current petition is, in fact, a successive motion to vacate, and he does not demonstrate that the

remedies available under section 2255 are inadequate or ineffective. Because Arnold has not obtained leave from the Fifth Circuit to file this successive petition, this Court is without jurisdiction to consider it. See, *e.g.*, *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). Accordingly, it is ORDERED that Arnold's petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITHOUT PREJUDICE.

SIGNED on this 20th day of May, 2014.

Kenneth M. Hoyt
United States District Judge